# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TABITHA HARRIS,[1]
      Appellant,

    v.

DEPARTMENT OF HOMELAND
   SECURITY,
      Agency.

DOCKET NUMBER
AT-0752-20-0370-I-1

DATE: September 20, 2024

# THIS FINAL ORDER IS NONPRECEDENTIAL[2]

<u>Mark J. Berkowitz</u>, Esquire, Fort Lauderdale, Florida, for the appellant.

<u>Aarrin Golson</u>, Miami, Florida, for the agency.

<u>Kaleb M. Kasperson</u>, Centennial, Colorado, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member

---

[1] The appellant passed away during the pendency of this appeal. Her mother, Linda Harris Williams, who is serving as the Personal Representative of her estate, has been substituted for the appellant in this appeal. *See* 5 C.F.R. § 1201.35.

[2] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

**FINAL ORDER**

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of her removal pursuant to a Last Chance Settlement Agreement (LCSA**)**.  Generally, we grant petitions such as this one only in the following circumstances:  the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision.  5 C.F.R. § 1201.113(b).

On review, the appellant reiterates the arguments she made in her close of record submission that the agency failed to engage in the interactive process to determine whether her absence on October 2, 2019, was related to her "longstanding and on-going chronic disability" and failed to accommodate her handicap which caused her recurrent absences.  Petition for Review (PFR) File, Tabs 1, 3.[3]  Such arguments, however, relate to the merits of the agency's

---

[3] On review, the appellant also seeks to submit for the first time an affidavit from her mother and personal representative concerning the circumstances surrounding the appellant's absence on October 2, 2019, as well as attached email correspondence dated in November 2019 concerning the appellant's application for the agency's leave transfer program.  PFR File, Tab 3 at 17-27.  We decline to consider this new evidence because the appellant has not shown that the information contained in the affidavit or emails dated prior to the close of the record is new or otherwise explained why she could not have made such arguments or submitted such evidence before the close of the record. *See Grassell v. Department of Transportation*, 40 M.S.P.R. 554, 564 (1989) (stating

decision to separate her. By freely signing the waiver of all appeal rights contained in the LCSA, including her right to appeal to the Board, the appellant waived her right to appeal any aspect of the underlying agency action, including her right to assert any affirmative defenses. *See Martin v. Department of Defense*, 70 M.S.P.R. 653, 657 (1996). To the extent the appellant is asserting that she did not violate the LCSA because she was not absent without leave (AWOL), but rather the agency improperly denied her request for leave without pay (LWOP), such an argument is unpersuasive and constitutes mere disagreement with the administrative judge's well-reasoned finding that the appellant failed to prove that her absence on October 2, 2019, was due to her medical condition. *See, e.g.*, *Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The record reflects that the administrative judge weighed the relevant evidence and concluded that the agency properly denied the appellant's request for LWOP/FMLA and, thus, the appellant's absence was unauthorized. Initial Appeal File (IAF), Tab 29, Initial Decision (ID) at 5-12. In particular, the administrative judge credited the sworn statement of the appellant's supervisor, consistent with her contemporaneous calendar notes, that on October 2, 2019, the following occurred: at approximately 8:20 a.m., the appellant called her and told her she would be arriving late because she was waiting for her step-father to arrive so he could be present while contractors were working at her home; at 11:12 a.m., the appellant called again and told her supervisor that her step-father had not arrived and that the contractors were still working; and, because the

---

that, to constitute new evidence, the information contained in the documents, not just the documents themselves, must have been unavailable despite due diligence when the record closed); 5 C.F.R. § 1201.115(d).

appellant did not have any leave available, the appellant's supervisor instructed the appellant to report to work, but the appellant did not. ID at 7, 10-11.

In contrast, the administrative judge found inherently suspect the appellant's undated doctor's note that she was seen on October 2, 2019, and would be able to return on October 22, 2019, which was presented to the agency on November 4, 2019, for the first time more than 1 month later, and after the appellant was informed that she would be marked AWOL. ID at 11. Additionally, the administrative judge found that such evidence was contrary to the medical note that the appellant presented upon her return work on October 4, 2019, which stated that the appellant was seen on October 3, 2019, not October 2, 2019, and would be absent until further notice. *Id.* Finally, the administrative judge found that the appellant never informed the agency prior to November 4, 2019, that her absence on October 2, 2019, was due to her medical condition, including during a meeting on October 23, 2019, with the appellant, her supervisor, and an Assistant Special Agent in Charge, the purpose of which was to discuss the appellant's absence on that date. *Id.*

The appellant has failed to show error, and we discern none, in the administration judge's conclusion that it was more likely than not that the appellant was absent due to the contracting work at her house and not due to her medical condition as she subsequently claimed. *Id.* The appellant's arguments thus fail to establish any error in the administrative judge's finding that the appellant failed to prove by preponderant evidence that she complied with the LCSA. *See Bahrke v. U.S. Postal Service*, 98 M.S.P.R. 513, ¶ 14 (2005) (noting that, in a removal pursuant to a violation of an LCSA, the agency does not bear the burden of proving that it properly denied the appellant FMLA leave, but rather, the appellant bears the burden of showing that the Board has jurisdiction over her appeal because her waiver of appeal rights in an LCSA is unenforceable); *see also Willis v. Department of Defense*, 105 M.S.P.R. 466, ¶ 17 (2007) (stating that, to show that a waiver of appeal rights in an LCSA is

unenforceable, the appellant must show one of the following: (1) he complied with the LCSA; (2) the agency materially breached the LCSA or acted in bad faith; (3) the appellant did not voluntarily enter into the LCSA; or (4) the LCSA resulted from fraud or mutual mistake).

### NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on

race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or

other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b) (9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]   The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.   5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

*Gina K. Grippando*

FOR THE BOARD: _____

Gina K. Grippando
Clerk of the Board

Washington, D.C.